# EXHIBIT B

Attorney Code: 54869

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| | ) | |
| THERESA BROWNING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | No: 97 D 17227 |
| | ) | |
| JACK BROWNING, | ) | |
| Respondent. | ) | |

## JUDGMENT FOR DISSOLUTION OF MARRIAGE

This cause coming to be heard for prove-up upon the duly verified petition for dissolution of marriage of the Petitioner THERESA BROWNING, and the Respondent having filed his appearance Pro se; the Petitioner appearing in Court in her own proper person and by her attorneys, SHERYL R. GHEZZI & ASSOCIATES; and the Court hearing the testimony of the Petitioner duly sworn and examined in open Court;  Petitioner offering proof in support of the allegations and charges contained in her Petition, and the Court considering all the evidence and being fully advised in the premises, FINDS:

1. That this Court has jurisdiction of the parties to and the subject matter of this cause.

2. That the Petitioner was domiciled in the State of Illinois at the commencement of this action and has been an actual resident of this State for a period in excess of ninety (90) days immediately preceding the making of these findings.

3. That the parties were married on February 14, 1992 and said marriage was registered in Cook County, Illinois.

4. That one child was born to this marriage namely, Cody, born August 15, 1993. That no other children were born to the parties as a result of their marriage, none were adopted and the petitioner is not now pregnant.

5. That the parties are separated and have lived separate and apart for a continuous period in excess of six months and irreconcilable differences have caused the irretrievable breakdown of the marriage; the parties' efforts at reconciliation have failed and future attempts at reconciliation would be impracticable and not in the best interests of the family.

6. That the parties have entered into an oral property settlement, as the parties consider it to be in their respective best interests to settle by and between themselves all matters in the pending litigation between themselves. The terms of that agreement deal with the questions of; identification of the various non-marital and marital property; division of non-marital and marital property; maintenance and attorneys' fees. The Court has reviewed the terms of that agreement and found that it is fair and not unconscionable; said agreement, as reduced to writing, is as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A. That the parties are awarded a Judgment for Dissolution of Marriage and the bonds of matrimony heretofore existing between the Petitioner, THERESA BROWNING, and the Respondent, JACK BROWNING, be and the same are hereby dissolved accordingly;

B. That the petitioner shall resume the use of her maiden name, THERESA SCIMECA; and

C. That this Court hereby retains jurisdiction over the parties hereto and the subject matter hereof for the purpose of enforcing this Judgment for Dissolution of Marriage.

DATED:                         ENTER:

OCT - 7 1998

JUDGE

**LAW OFFICES OF SHERYL R. GHEZZI & ASSOCIATES**
33 N. Dearborn Suite 1850
Chicago, Illinois 60601
312-782-6998
Attorney No: 54869

3

## *MARITAL SETTLEMENT AGREEMENT*

THIS AGREEMENT is made and entered into this 14th day of September , 1998 , by and between **THERESA BROWNING**, referred to as **"WIFE"**, and **JACK BROWNING**, referred to as **"HUSBAND"**, both parties being residents of the County of Cook and State of Illinois:

### WITNESSETH:

**WHEREAS**

A.    The parties were married on February 14, 1992, and their marriage was registered in the County of Cook and in the State of Illinois.

B.    As a result of the marriage, one child was born to the parties: CODY, born August 15, 1993. That no other children were born nor adopted by the parties and WIFE is not now pregnant.

C.    Unfortunate and irreconcilable differences and difficulties have arisen between the parties as a result of which they have ceased living together as husband and wife.

D.    Wife has filed a Petition for Dissolution of Marriage against Husband in the Circuit Court of Cook County, Illinois, known as **Case No. 97 D 17227**, entitled: **"In Re The Marriage of THERESA BROWNING, Petitioner and JACK BROWNING, Respondent"**; and said cause is still pending, as no judgment or other final order has been entered in that case

E.    Without any collusion as to the pending case, or as to any other dissolution of marriage proceeding which the Husband and Wife may later bring, the parties consider it to be in teir respective best interests to settle by and between themselves the issues contained herein,

including the respective debts of property growing out of the marital relationship, or any other relationship between the Husband and the Wife; debts arising out of the marriage of the parties, all rights of every kind, nature and description, whether marital or non-marital, affecting property, whether marital or non-marital, real, person or mixed, which either of them now has or may later claim to have against the other, whether now or later owned or possessed by either of them, the right of Husband or Wife to receive maintenance from the other, the payment of attorney fees incurred in the above-cause, and the issues of Child Custody, Visitation, and Support.

    F.    The Wife is represented by attorneys SHERYL R. GHEZZI & ASSOCIATES:  The Husband is represented pro se.  The Husband and Wife represent and warrant that to the other that he or she has fully informed the other of his or her wealth, property, estate and income, both directly and through furnishing financial data to the other.  Wife has instructed her attorney to forego the additional costs and fees of additional discovery in this matter, and the parties have represented that they are fully satisfied with the information heretofore provided;

    **NOW THEREFORE,** in consideration of the foregoing and in further consideration of the mutual and several covenants contained below, and for other good and valuable consideration by each to the other delivered, the receipt and sufficiency of which is hereby acknowledged, the parties do hereby freely and voluntarily agree by and between themselves as follows:

2

# ARTICLE I

## RESERVATION OF LITIGATION RIGHTS

1.1    This Agreement is not one to obtain or to stimulate a dissolution of marriage. The Husband retains and reserves the right to prosecute his pending action for dissolution of marriage and to defend any action which Wife may commence. The Wife reserves the right to defend any action for dissolution of marriage; to bring any counter-claims or other actions as may be necessary to defend such claims, and to prosecute any action for dissolution of marriage which she deems necessary, now or in the future.

1.2    The prefatory language, set for the above, is hereby incorporated into this agreement.

# ARTICLE II

## PERSONAL PROPERTY

2.1    The Parties have already divided the personal property obtained during the marriage, and are satisfied thereby.

2.2    The Husband shall retain, as his sole property, all personal property in his own possession, and Wife is divested of all right, title and interest therein.

2.3    The Wife shall retain, as her sole property, all personal property in her possession, and Husband is divested of all rights, title and interest therein.

# ARTICLE III

## DEBTS

3.1    Each party is responsible for any debt incurred individually since November, 1997.

3.2    Wife will be responsible for all credit card balances.

3

## ARTICLE IV

## AUTOMOBILES

4.1    The Wife shall be entitled to possession of all automobiles titled in her name, or in her possession. The Wife shall be solely responsible for any and all liens, encumbrances, notes and obligations related to such vehicle, and shall (and hereby does) indemnify and hold Husband harmless therefore.

5.2    The Husband shall be entitled to possession of the 1995 Chevy Van titled in his name. The Husband shall be solely responsible for any and all liens, encumbrances, notes and obligations related to such vehicle, and shall (and hereby does) indemnify and hold Wife harmless therefore.

## ARTICLE V

## BANK ACCOUNTS, INDIVIDUAL RETIREMENT ACCOUNTS, PENSIONS, AND RETIREMENT ACCOUNTS.

5.1    Husband shall be entitled to any and all bank accounts, pension, individual retirement accounts and 401(k) plans in his name.

5.2    Wife shall be entitled to any and all bank accounts, pension, individual retirement accounts, and 401(k) plans in her name.

## ARTICLE VI

## <u>CUSTODY AND VISITATION</u>

6.1    The Wife and the Husband agree that both parties are fit and proper persons for care, custody, control and direction of the minor children of the marriage, and that it is in the best interest of the minor child to award JOINT LEGAL CUSTODY to the Wife and the Husband. The parties

4

further agree that it is in the best interest of the minor child, that primary physical placement of the minor child be awarded to the Wife, subject to the reasonable and liberal visitation rights of the Husband.

6.2    The Parties hereby acknowledge the needs of their child's continuing contact with both parents, and the need for the parents/parties to cooperate to the extent necessary to protect the best interest of the minor child with regard to decisions involving important events, enrollment in school, health care decisions, and with regard to decisions involving the psychological, emotional and/or moral well-being of the minor child.

6.3  The parties recognize and agree that it is in the best interest of the minor child that the parents confer regarding decisions involving the health, education and welfare of the minor child, so that opinions, although possible diverse, may be considered by both parents before a final decision is made by the parents.

6.4  That in the event of disagreement, the parties shall (except in the case of an emergency), attempt to resolve disputes through mediation, as set forth in paragraphs 7.29 through 7.36.

6.5  The parties shall cooperate in scheduling and implementing the child's educational, religious and social activities so as to provide the child with an environment that promotes health, physical, mental, emotional, and social growth and development, by the use of the procedures set forth herein.

6.6  The Husband and Wife will use their best efforts to foster and respect the love and affection of the child toward each parent, and shall develop a relationship with the child that will provide the child with the maximum feeling of security possible.

6.7  Both parties shall keep the other informed as to the exact place where each of them

5

resides, the phone numbers of their residences, their places of employment. Further, if either party travels out of town for three or more days, then such person shall notify the other of his or her destination, and provide a phone number where he/she can be reached at any time if the child accompanies the parent traveling; or <u>only</u> in the case of an emergency if the  child is not accompanying the parent then out-of-town.

6.8  The Husband and Wife shall advise each other of any serious illness or injury suffered by their child as soon as possible after learning of same, and shall provide the name(s) of any treating physicians and place of treatment, along with other pertinent information.

6.9  Both parties shall be authorized to obtain, directly from health care providers, all pertinent medical and health care information regarding the minor child.

6.10 Both parties shall be listed as persons to be contacted, in the case of an emergency, on all school, day-care and other education and related facility records.

6.11 Both parties shall have independent access to the school, education, development and other records, maintained by any school or other facility, in which the child is enrolled.

6.12 Both parties shall have the right to attend any and all school and formal social functions, sponsored by a school or related facility, and shall have the right to be informed of same.

6.13 Both parties shall have the right to attend parent/teacher and other conferences involving the child's education and social development, either together or separately.

6.14 Both parties shall have the right to receive, directly from the school or other educational facility, any and all updates regarding the child's progress, including report cards.

6.15 The parties agree to consult with each other regarding enrollment of the child in schools, as set forth above, and shall keep the child's best interest in mind after considering all reasonable

6

factors affecting the best interest of the children, including (but not limited to) the quality, location, special programs, and the needs of the child.

6.16 Neither party may permanently remove the child from the State of Illinois, without agreement of the other party, or Court Order.

6.17 Both parties shall refrain from referring to the other parent, in the presence of hearing distance of the minor child, except in complementary or laudatory terms.

6.18 Both parties shall refrain from discussing issues of the dissolution of marriage, obligations of the other parent, violations of perceived rights of the parent, or other issues relating to the other parent, in front of the children, or within hearing distance of the child, except in laudatory terms.

6.19 The parties shall not use the pick-up or drop-off of the minor child to discuss the rights, obligations, or disagreements of the parties, and shall not use such occasion to discuss their grievances, or disagreements, or problems related to same.

6.20 The Husband shall have the right to set such rules, and procedures, and schedules for the minor child, when the child is in his possession, keeping in mind the best interest of the minor child.

6.21 The Wife shall have the right to set such rules, and procedures, and schedules for the minor child, when the child is in her possession, keeping in mind the best interest of the minor child.

6.22 The parties shall keep the other informed of any discipline and other events which the other parent should be aware of, prior to the child being transferred to the placement-visitation of the other to assist the other in assisting in consistency of discipline.

6.23 The Husband shall have the right to reasonable, unsupervised visitation with the minor

child. The parties agree that no set schedule is required for visitation at this time.

6.24   HOLIDAYS  The Husband shall be entitled to the following holidays, from 9:00

A.M. until 8:00 P.M., excepting Independence Day, which shall conclude after fireworks, in the

years indicated.  The Husband shall always have the children with him on his birthday and on

Father's day.  All dates, on the Holiday list, below, which are not designated as being a day

celebrated by the Husband on the year in question, shall be the Wife's day of placement,

notwithstanding any other regularly scheduled visitation.  With the above considerations in mind,

the Parties agree that, for the years in question, holidays shall be alternated as follows, with the

Husband receiving the following Holiday visitation:

| ODD YEARS | EVEN YEARS |
|---|---|
| Child's Birthday | New Years Eve/New Years Day |
| Independence Day | (Overnight) |
| Thanksgiving weekend | Memorial Day |
| (Thursday Morning through Sunday) | Labor Day |
| Christmas Eve | Christmas Day |
| Father's Birthday | Father's Birthday |
| Father's Day | Father's Day |
| Halloween (trick or treat day) | Easter |

6.25   SUMMER VACATION  The Husband shall have the right to two weeks of summer

vacation, to be exercised as agreed by the parties to which will be uninterrupted, and during which

time the Husband shall be entitled, with notice to the Wife, to remove the minor child from the State

of Illinois, for the limited purpose of vacationing.  The Husband shall provide at least 60 days

advance notice to the Wife of his intent to exercise such visitation, and the date(s) for same.

6.26   WINTER BREAK  Husband and Wife shall divide the Winter Break as set forth

8

below, and, insofar as the Husband is concerned, said periods of visitation set-forth below shall be in addition to the visitation provided-for above.

6.27 The Party which, according to the Holiday visitation schedule set-forth above, is assigned Christmas Eve, shall receive the minor child from 8:30 A.M. the morning after the school recesses for Winter (Christmas) break, continuously until 8:00 P.M. on Christmas Eve.

6.28 The Party which, according to the Holiday visitation schedule set-forth above, is assigned Christmas Day, shall receive the minor child from 8:00 A.M. on Christmas Day, to conclude at 6:00 P.M. on the last day prior to the date that school resumes.

6.30 OTHER SCHOOL HOLIDAYS In the instance that the School celebrates (recesses) for certain days and holidays not set-forth in the "Holiday Schedule" set forth above, the parties shall alternate all such days not specifically defined in the "Holiday" schedule, set forth above.

6.31 The Parties agree that each parent shall have the right to reasonable, uninterrupted and unmonitored telephone contact with the minor child on those days on which the child is not in his/her possession. Said telephone contact will be reasonable in duration, and at reasonable times. Neither party shall contact the minor child after the child's normal and customary bedtime, except in the case of an emergency.

6.32 The parties shall cooperate in scheduling different visitation, in the event of special social, educational or other plans of the minor child, and in the event that the Husband, or the Wife, have a "special" activity planned which cannot reasonably take place during the "scheduling parent's" regularly scheduled "visitation" or "placement."

6.33 The parties shall endeavor and make all reasonable efforts to schedule (and allowing scheduling) of activities for the child which will not interfere with the visitation/placement rights

9

of the other parent.

6.34  The Husband and Wife shall endeavor to cooperate regarding reasonable visitation modifications, which are necessary to accommodate the best interest of the minor child. As to all visitation, the parties shall endeavor to cooperate to the extent possible. The parties understand that they are free to allow the Husband additional visitation than the visitation set forth herein. Husband shall pick up the child promptly at the Wife's residence, or some other mutually agreeable location. Wife shall have the child ready for visitation at the times established herein. Husband shall return the child to the Wife promptly at the conclusion of each visitation.

6.35  Either parent who wishes to modify this Agreement shall submit the proposed modification to the other parent in writing, and the parties shall consult each other before undertaking any action, through litigation or otherwise, all with the intent to promote the informal agreement to minor modifications of this Agreement. In the event that the parties cannot reach agreement to any proposed modification relating to the issues which shall be mediated before any legal action or proceeding is commenced, except in the case of an emergency, in which a delay would cause harm to the child's physical, emotional, psychological or moral health, or to the child's welfare.

6.36  With regard any issues involving child custody, visitation, or the care, custody, education, medical care, and other issues, addressed in this Agreement, the Parties agree to submit any and all disputes to a Mediator, as set forth herein, prior to bringing any action, related thereto, to the Court. Specifically excepted from such requirement are any issues which, with a delay occasioned by mediation, would result in harm to the child's physical health, emotional health, psychological or psychiatric health, moral well-being, or education. However, such exception to the

10

mediation requirement is to be narrowly viewed, by all persons who review this Agreement, because the purpose of this Agreement is that my issue regarding the welfare of the child will be decided through mediation before the parties may proceed with a Court petition.

6.37 During any period of disagreement, this Agreement shall remain in full force and effect. In the event that this Agreement has been previously modified, all such modification shall be in writing, and shall be construed, along with this Agreement, as being an amendment to this Agreement. This Agreement, as then amended, would remain in full-force and effect pending the outcome of any disagreement between the Parties.

6.38 In the event that the Parties are unable to agree upon a mediator, then and in that event, a Mediator shall be obtained through the Mediation Council of Illinois. In the event that the Mediation Council of Illinois will not serve, or does not then exist, then and in that event, the Parties may request the Court to appoint a mediator.

6.39 In the event that a party seeks mediation for the purpose of construing an ambiguous term in this Agreement, then and in that event, the Parties shall each pay 1/2 of the mediator's cost and fees. In the event that a party seeks mediation, in an effort to modify this Agreement, then and in the event, the party seeking mediation shall be responsible for the entire fee of the Mediator. In the event that mediation fails, either party may request the Court to re-apportion the costs and fees of the Mediator, based upon equitable considerations, which reallocation may, but need not, be made, based upon the Court's discretion.

6.40 In the event that, after mediation, the Parties are unable to agree upon the best interests of the minor child; or in the case of child support obligations, for which Mediation is not required, either party, or both of them may then petition the Court for judicial relief, consistent with the terms

of the Illinois Marriage and Dissolution of Marriage Act, as then amended.

6.41  No mediation shall be required for an action to enforce (not to modify or clarify) this Agreement.  In the event that the Court finds that the person against whom enforcement is sought has not complied with this Agreement, the party who did not comply with this Agreement shall be responsible for all reasonable attorney fees and costs incurred by the party seeking enforcement of this Agreement.  In all other cases (petitions to modify of clarify), the issue of costs and attorney fees shall be left to the discretion of the Court.

6.42 Nothing contained herein is intended to limit the Court's jurisdiction to protect the best interests of the children.

6.43  The Circuit Court of Cook County, Illinois, shall retain jurisdiction to adjudicate any dispute regarding the best interest of the child, and to adjudicate any dispute regarding this Agreement, or modification hereof.  The Parties further agree that the Court shall enforce the provision herein related to mandatory mediation prior to legal proceedings, and that violation thereof shall be sufficient grounds, in and of itself, to award attorney fees to the party raising such issue. A party's refusal to submit to mediation, upon the request of the other, shall be grounds for the party proposing the mediation to petition the Court to enforce the Agreement and, if successful, that party (seeking enforcement), shall be entitled to reasonable costs and attorney fees, as set forth in paragraph 19.1, below.

## ARTICLE VII

## CHILD SUPPORT

7.1  Except as to otherwise provided herein, Husband shall pay to Wife the sum of 20% of his net income or $320.00 per month, payable on the first and fifteenth of the month. In addition,

Husband shall pay on an annual basis until the minor child is emancipated, the sum of $ 1200.00 on or before December 15th of each year. Parties agree that child support shall continue through the child's eighteenth birthday or graduation from high school, whichever occurs later.. Child support shall terminate on the occurrence of the first to occur of the following:

      a.    graduation from high school or the child's 18th birthday, whichever occurs later;

      b.    the death of Wife; or

      c.    the death of Husband.

7.2    If the Wife should, for any reason, fail to comply with the visitation provisions herein, the Husband shall not be entitled to withhold from Wife any of the amounts due to her hereunder and otherwise. Rights of visitation and rights of allowances shall be treated as independent covenants and enforced accordingly.

7.3    All payments provided herein shall be paid by Husband directly to Clerk of the Circuit Court, by order of withholding.

## ARTICLE VIII

## MEDICAL, DENTAL, OPTICAL & HEALTH RELATED EXPENSES

The Husband and Wife agree as follows:

8.1 Husband shall maintain health insurance on Cody and shall furnish the Wife with an insurance card for health care purposes. Husband and Wife shall each pay one-half of all reasonably necessary medical expenses, which are not covered by insurance, including costs relating to medical, dental, optical, psychiatric or psychological, drug or other health related expenses of the minor children.

8.3     The Husband's obligation with respect to health insurance and health coverage of the child shall terminate when the child attains full emancipation as defined in ARTICLE XI of this Agreement, unless the policy of insurance allows coverage through post-high school education, in which event, such obligations shall continue through college or other post-high school education.

8.4 Husband shall provide to Wife a current identification card in order to enable her to identify the child's coverage under the hospital and medical insurance policy to be maintained by Husband. Any insurance reimbursement, paid by the insurance company for reimbursement, shall be paid to the party paying for the later-reimbursed expenses, or divided pro-rata according to the amount paid by each party for the reimbursed services, as applicable.

8.5 In the event that there is an out-of-pocket expense required for the medical care of a minor child, then the person paying such cost shall forward a copy of any receipt or invoice to the other party, who shall pay for 1/2 of such cost within 30 days of delivering a copy of such expense. In that event, the Parties shall each share equally in the reimbursement of such expense, if reimbursement is later made, in whole or in part, by the insurance company.

8.6 Except in an emergency, where the child's health or well-being would be endangered without immediate treatment, the Parties shall each be entitled to a second opinion, at the objecting party's sole cost and expense, before medical treatment is rendered. The term "medical" is used, herein, is used in its broadest sense, as more fully described in paragraph 9.1, above. The party proposing certain medical treatment shall inform the other of such proposed treatment at least one week before the proposed treatment, to allow a second opinion to be obtained and, if reasonably possible, such notification shall be made at the earliest moment after deciding on such course of treatment. In the event that braces or other orthodontia work is contemplated, notice of such intent

14

to commence treatment will be provided no less than 60 days before commencement of such treatment. In the event that this provision is violated, the party who did not violate the provision shall not be responsible for any of the non-covered medical expenses incurred on behalf of the child.

## ARTICLE IX

## MAINTENANCE

9.1 The Wife waives all claim for maintenance, formerly known as alimony, and otherwise known as family support. She understand that by waiving maintenance, she will never be permitted to request the Court to order the Husband to pay for her (Wife's) support.

9.2 The Husband waives all claim for maintenance, formerly known as alimony, and otherwise known as family support. He understands that by waiving maintenance, he will never be permitted to request the Court to order the Wife to pay for his (Husband's) support.

## ARTICLE X

## EMANCIPATION EVENT

10.1 With respect to any child, an "emancipation event" shall occur or be deemed to have occurred upon the first of the following to occur:

A.     Child's marriage;

B.     Child's having a permanent residence away from the permanent residence of the custodial spouse. A temporary residence at a boarding school, camp, vocational school, college, or professional school shall not be deemed a permanent residence away from the permanent residence of the custodial spouse;

C.     The child's death.

D.     The child reaching the age of majority, or graduating from high school,

15

whichever occurs <u>later</u>.

## ARTICLE XI

## HIGH SCHOOL, POST HIGH SCHOOL EDUCATION, AND RELATED EXPENSES

11.1  The Husband and Wife shall equally share the expenses of private high school and college tuition.  They shall also share any expenses connected with said education, such as books, board, transportation costs, lab fees, and the like.

## ARTICLE XII

## LIFE INSURANCE

12.1  Husband shall maintain a life insurance policy which has been heretofore provided for him by his employer.  Husband shall maintain Wife as the beneficiary of said policy until Cody is emancipated.  On an annual basis, on or before May 1st of each year, Husband shall provide Wife with a statement of said policy.  The Husband shall not pledge, hypothecate, borrow against or otherwise cause the death benefits under existing policy(ies), to the extent that current life insurance benefits are reduced to a level below that as of the date of this Agreement.

## ARTICLE XIII

## FEDERAL AND STATE TAXES

13.1  The Parties shall file individual Income Taxes.

13.2  Wife shall be entitled to claim Cody as a dependent for tax purposes.

## ARTICLE XIV

## COSTS AND ATTORNEY FEES

14.1  The Wife shall be responsible for her own costs and attorney fees incurred in this

16

action.

## ARTICLE XV

## DIVISION OF OTHER PROPERTY

15.1 The Parties have, through this Agreement, divided all personal, real and other marital property of the Parties. Any additional property, not otherwise mentioned in this Agreement, which is titled in the name of the Husband, shall remain the Husband's sole property, and the Wife is divested of all right, title and interest in same.

15.2 Any and all property which is titled in the name of the Wife, which is not mentioned in this Agreement, shall remain the Wife's sole property, and the Husband is divested of all right, title and interest in same.

15.3 Any and all property which is not titled in either party's name, and which is not otherwise mentioned in this Agreement, but which is in possession of the Husband, shall remain the sole property of the Husband, and the Wife is divested of all right, title and interest in same.

15.5 Any and all property which is not titled in either party's name, and which is not otherwise mentioned in this Agreement, but which is in possession of the Wife, shall remain the sole property of the Wife, and the Husband is divested of all right, title and interest in same.

## ARTICLE XVI

## MODIFICATION OF THIS AGREEMENT

16.1 This Agreement may not be altered, changed, or modified, except in writing signed by each of the Parties. Upon entry of Judgment, or incorporation of an Order by the Court, the Parties may not modify this Agreement absent Court order. Nothing contained herein shall prevent the Parties from entering agreements contemplated herein; from modifying certain arrangements with

17

regard to the minor children, in their best interest; to mediate their disputes, and the like. Further, nothing contained herein shall be construed as limiting the Court's jurisdiction to consider matters effecting the best interest of the minor children.

# XVII

## LAW APPLICABLE

17.1 The provisions of this Agreement shall be construed in accordance with the applicable laws of the State of Illinois and, where possible, by the Illinois Marriage of Dissolution of Marriage Act, as amended.

## ARTICLE XVIII

### ENFORCEMENT EXPENSES

18.1 Subject to a full hearing on the merits and in compliance with the applicable sections of the Illinois Marriage and Dissolution of Marriage Act, if either Husband or Wife defaults in the performance of any of the terms, provisions or obligations herein set forth, and it becomes necessary to institute legal proceedings to effectuate performance of any of the provisions of this Agreement, then the party found to be in default shall pay all expenses, including reasonable attorney fees and costs, incurred in connection with such enforcement provisions.

## ARTICLE XIX

### PERFORMANCE OF NECESSARY ACTS

19.1 Each party shall execute any and all deeds, bills of sale, endorsements, forms, conveyances, or other documents, and shall perform any other act which may be required or necessary to carry out and effectuate any and all the purposes and provisions herein set forth.

## ARTICLE XX

## REPRESENTATION OF FINANCIAL STATUS

20.0  Husband and Wife have made true and correct representation(s) of his or her financial status, and expressly waive further discovery into same, and have entered into this Agreement knowingly and voluntarily.  The Parties by and between themselves, without assistance or intervention by their respective attorneys.  The attorneys for the Parties have explained the impact and import of the terms of this Agreement, and the Parties, having been so-advised, have agreed and decided, independently, to go forward and enter into this Agreement.  The Parties have further instructed their respective attorneys to forego discovery in this matter, including the use of interrogatories, requests for documents, requests to admit facts, and depositions, and have instructed their respective attorneys to proceed with the preparation of this document, pursuant to the terms of the parties' agreement.

## ARTICLE XXI

## RELEASE

21.1  Each party does hereby release and discharge the other from all other claims, rights and duties arising out of said marital relationship; recognize that all pending financial pleadings, petitions, and motions are resolved hereby, and that each party may freely sell, encumber or otherwise dispose of his or her own property by any legal means.  Each party is by these presents barred from any and all rights or claims by way of dower, inheritance, decent and distribution, allowance of year's support, right to remain in mansion house, all claims as a widow or widower, heir distributee, survivor or next kin, and all other rights or claims whatsoever, in or to the estate of the other, whether in real or personal property, and whether such right has accrued or

19

may accrue in the future; and whether such right was acquired as a result of the marriage, the proceedings for dissolution of marriage, or otherwise.

## ARTICLE XXII

### BINDING OF HEIRS

22.1   All of the covenants, promises, stipulations, agreements and provisions herein contained shall bind the heirs, executors, administrators, personal representatives and assigns of the Parties hereto.

## ARTICLE XXIII

### FULL UNDERTAKING

23.1 Each party fully understands all of the terms of this Agreement, and the terms represent and constitute the entire understanding between them. Each party has read this Agreement, and finds it to be in accordance with his or her understanding, and each voluntarily executes this Agreement.

IN WITNESS WHEREOF, the Parties have set their hands and seals on the date set forth above.

_____          _____
THERESA BROWNING                          JACK BROWNING

SHERYL R. GHEZZI & ASSOCIATES
33 N. Dearborn Suite 1850
Chicago, Illinois 60602
312-782-6998