IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEBRA A. BROWNING and THERESA A. SCIMECA (Individually and as Guardian of her minor child, CODY BROWNING, <br><br> Defendants. | Case No. 08 C 963 <br> Judge Der-Yeghiayan <br> Magistrate Judge Nolan |

### DEBRA BROWNING'S ANSWER AND COUNTERCLAIM

DEBRA A. BROWNING, defendant herein ("Debra"), by her attorney Bradley H. Foreman of The Law Offices of Bradley H. Foreman, P.C., for her Answer to the Complaint for Interpleader and Other Relief, states as follows:

1. LINA is a Pennsylvania corporation with its principal place of business located in Philadelphia.

ANSWER: Debra admits the allegations of paragraph 1.

2. Theresa A Scimeca ("Theresa") resides in Antioch, Illinois in the County of Lake. Theresa was the first wife of Jack Browning ("Jack"). Cody Browning ("Cody") was born on August 15, 1993 to Theresa and Jack Browning. Cody is presently fourteen years old.

ANSWER: Debra admits the allegations of paragraph 2.

3. Debra A. Browning ("Debra") resides in Plainfield, Illinois in the County of Will. Debra is the second wife of Jack Browning and was married to him at the time of his death.

ANSWER: Debra admits the allegations of paragraph 3.

4. LINA invokes this Court's jurisdiction pursuant to Fed. R. Civ. P 22, through 28 U.S.C. 1331 and 29 USC 1132 (a)(3), in that the life insurance benefit at issue was part of an employee benefit plan within the meaning of the Employment Retirement Income Security Act of 1974 as amended (29 USC Sec. 1001 et. seq.) ("ERISA").

ANSWER: Debra admits the allegations of paragraph 4.

5. Venue is proper in this District both because all defendants reside in this District and a substantial part of the events giving rise to this action occurred in this District.

ANSWER: Debra admits the allegations of paragraph 5.

6. LINA issued a group life insurance policy to McMaster, Policy Number FLX 960387 (the "Policy") in connection with an employee welfare benefit plan sponsored by McMaster (the "Plan"). A true and correct copy of the Policy is attached hereto as Exhibit A.

ANSWER: Debra admits the allegations of paragraph 6.

7. Jack Browning was employed by McMaster and was a plan participant in the Plan.

ANSWER: Debra admits the allegations of paragraph 7.

8. Jack Browning died on or about November 16, 2007.

ANSWER: Debra admits the allegations of paragraph 8.

9. As a result of the aforesaid death, a death benefit in the amount of $77,100 (the "Proceeds") became payable under the Plan and therefore under the terms of the Policy.

ANSWER: Debra admits that death benefits are due under the Plan, but as she is without sufficient information to determine the accuracy of the amounts due for such benefits at this time, she neither admits nor denies the allegations regarding the amount of such benefits and demands strict proof thereof.

10. Jack Browning and Theresa were divorced on or about October 7, 1998.

ANSWER: Debra admits the allegations of paragraph 10.

11. Theresa contends that, pursuant to the Judgment for Dissolution of Marriage and the Marital Settlement Agreement between them ("Marital Settlement Agreement"), Jack Browning was required to maintain a life insurance policy with Theresa as the beneficiary until Cody became emancipated. True and correct copies of the Judgment for Dissolution of Marriage and the Marital Settlement Agreement are attached hereto as Exhibit B.

ANSWER: Upon information and belief, Debra admits that Theresa has made the alleged contentions regarding the life insurance policy, and, therefore, she admits the allegations of paragraph 11.

12. Section 10.1 (B) of the Marital Settlement Agreement provides that one of the circumstances constituting an "emancipation event" is when Cody has a "permanent residence away from the permanent residence of the custodial spouse."

ANSWER: Debra admits the allegations of paragraph 12.

13. In a beneficiary designation Form dated on or about June 28, 2003 (the "BDF"), Jack designated Debra to receive 75% of the Proceeds and Cody to receive 25% of the Proceeds. A true and correct copy of this Beneficiary Designation Form is attached hereto as Exhibit C.

ANSWER: Debra denies the allegations of paragraph 13.

14. Debra has made a claim to 75% of the Proceeds, contending that Section 10.1(B) of the Marital Settlement Agreement did not restrict Jack from changing his beneficiary because Cody had become emancipated when he went to live with Jack and Debra on a full-time

basis.

ANSWER: Debra denies the allegations of paragraph 14.

15.  Theresa has also made a claim to the Proceeds, contending that the Marital Settlement Agreement controls and that she is entitled to the Proceeds.

ANSWER: Upon information and belief, Debra admits that Theresa has made the alleged claim to the proceeds, and, therefore, Debra admits the allegations of paragraph 15.

16.  In light of the competing claims of the defendant, LINA is at risk of being subjected to multiple liability under the Policy if it pays the proceeds either pursuant to the MDF or pursuant to the Marital Settlement Agreement.

ANSWER: Debra denies the allegations of paragraph 16.

WHEREFORE, defendant DEBRA BROWNING prays that this Court find and declare that she is entitled to twenty five percent (25%) of such funds as may be placed with the Court by the plaintiff in this action.

## COUNTERCLAIM and CROSSCLAIM FOR DECLARATORY JUDGMENT

DEBRA A. BROWNING, defendant- herein ("Debra"), by her attorney Bradley H. Foreman of The Law Offices of Bradley H. Foreman, P.C., for her Counterclaim against plaintiff LIFE INSURANCE COMPANY OF NORTH AMERICA, and Crossclaim against defendant THERESA A. SCIMECA, states as follows:

1.  Defendant Debra Browning brings this Counterclaim and Crossclaim in order to request that this Court declare the rights and obligations of the parties under a certain insurance policy attached to the Complaint, pursuant to 28 U.S.C. §2201, and Rule 57 of the Federal Rules

of Civil Procedure.

2. Plaintiff and Counterdefendant LINA is a Pennsylvania corporation with its principal place of business located in Philadelphia.

3. Defendant and cross-defendant Theresa A Scimeca ("Theresa") resides in Antioch, Illinois in the County of Lake. Theresa was the first wife of Jack Browning ("Jack"). Cody Browning ("Cody") was born on August 15, 1993 to Theresa and Jack Browning.

4. Debra resides in Plainfield, Illinois in the County of Will. Debra is the second wife of Jack Browning and was married to him at the time of his death.

5. Venue is proper in this District both because all defendants reside in this District and a substantial part of the events giving rise to this action occurred in this District.

6. LINA issued a group life insurance policy to McMaster-Carr Supply Company ("McMaster"), Policy Number FLX 960387 (the "Policy") in connection with an employee welfare benefit plan sponsored by McMaster (the "Plan"). A true and correct copy of the Policy is attached to the Complaint filed herein by LINA as Exhibit A.

7. In a beneficiary designation Form dated on or about June 28, 2003 (the "BDF"), Jack designated Debra to receive 75% of the Proceeds and Cody to receive 25% of the Proceeds. A true and correct copy of this Beneficiary Designation Form is attached to the Complaint filed herein by LINA as Exhibit C.

8. Jack Browning was employed by McMaster and was a participant in the Plan.

9. Jack Browning died on or about November 16, 2007.

10. As a result of the aforesaid death, upon information and belief a death benefit (the "Proceeds") became payable under the Plan and therefore under the terms of the Policy.

11. Jack Browning and Theresa were divorced on or about October 7, 1998.

12. Section 6.1 of th Marital Settlement Agreement provided that:

    The parties further agree that is in the best interest of the minor child, that primary physical placement of the minor child be awarded to the Wife, subject to the reasonable and liberal visitation rights of the Husband.

13. Pursuant to paragraph 6.24 of the Marital Settlement Agreement, Jack had specified visitation on various holidays and at other times, including two weeks during summer vacation.

14. Article XII of the Marital Settlement Agreement, a true and correct copy of which is attached to the Complaint filed herein as Exhibit B, states as follows:

    Husband shall maintain a life insurance policy which has heretofore provided for him by his employer. Husband shall maintain Wife as the beneficiary of said policy until Cody is emancipated ...

15. Section 10.1 of the Marital Settlement Agreement defined the term "emancipation" and provides, in relevant part as follows:

    10.1 With respect to any child, an "emancipation event" shall occur or be deemed to have occurred upon the first of the following to occur:
    B. Child's having a permanent residence away from the permanent residence of the custodial spouse.

16. In a beneficiary designation Form dated on or about June 28, 2003 (the "BDF"), Jack designated Debra to receive 75% of the Proceeds and Cody to receive 25% of the Proceeds. A true and correct copy of this Beneficiary Designation Form is attached to the Complaint

filed herein by LINA as Exhibit C.

17. In 2005, Cody, then 12 years of age, took up permanent residence away from his mother and began permanently residing with Debra and his father, Jack.

18. The decision that Cody would no longer reside with his mother was mutual by and among Cody, his mother and Jack, in that Cody no longer wanted to reside with his mother, and his mother, having remarried, no longer wanted the burden of raising him on a daily basis.

19. By reason of these facts Cody became emancipated within the meaning of the Marital Settlement Agreement, and Jack no longer had the obligation to maintain life insurance with Theresa, his ex-wife, and no longer the custodial parent of Cody, as the beneficiary.

20. Although the Marital Settlement Agreement provided for Jack to pay Theresa Child Support in the amount of $320.00 per month, following the emancipation of Cody, Theresa rebated the child support payments which had been deducted from Jack's salary back to Jack, thus further recognizing Cody's emancipation. Theresa did not pay play child support to Jack and Debra.

21. Subsequently, neither Jack nor Theresa took legal action to formally amend the Marital Settlement Agreement or to modify the Judgment for Dissolution of Marriage, despite the fact that Theresa was no longer the primary physical custodian, that Jack was no longer paying child support, or that the parties rights and obligations with respect to visitation rights had been unenforced by them.

22. By reason of these facts, Theresa had waived strict compliance with the terms of the Marital Settlement Agreement.

23. By reason of these fact, twenty five percent (25%) of the death benefits to be paid by plaintiff

must be paid to Debra in accordance with the BDR executed by Jack on or about June 28, 2003.

24. Jack relied to his detriment on Theresa's actions and reasonably believed that Cody was emancipated within the meaning of the Marital Settlement Agreement, and in reasonable and justifiable reliance on these facts he executed the aforementioned BDF on June 28, 2003.

25. By reason of these facts, Theresa must be estopped from denying that Cody was emancipated within the meaning of the Marital Settlement Agreement.

WHEREFORE, Counterplaintff and Crossplaintff **DEBRA BROWNING** prays that this Court find and declare that she is entitled to twenty five percent (25%) of such funds, and enter an order finding and declaring that the insurance proceed should be distributed by plaintiff in accordance with the BDF executed by Jack on or about June 28, 2003.

                                  **DEBRA BROWNING**

                                  By: /s/ Bradley H. Foreman
                                       One of her Attorneys

Bradley H. Foreman
The Law Offices of Bradley H. Foreman, P.C.
6914 W. North Ave.
Chicago, IL 60707
(773)622-4800
Attorney No. 6190545